COURT OF APPEALS, NOV. TERM, 1801.

Scott, *et ux. vs.* Dorsey's Executors.

APPEAL from a decree of the court of chancery, on the part of the complainants in that court. The bill, which was filed on the 1st of December 1789, stated that *Caleb Dorsey*, the defendants' testator and grandfather of *Elizabeth Goodwin Dorsey*, now the wife of *Scott*, (the complainant,) being seised and possessed of a considerable real and personal estate, by his will, dated the 14th of March 1772, bequeathed to the said *Elizabeth* the sum of £500 sterling money, to be paid to her at the day of her marriage, or when she should be 21 years of age, as should first happen; and that if his personal estate should not be sufficient to pay the legacies mentioned and bequeathed in his said will, that then his lands called *Dorsey's Delight Enlarged, Timber Ridge*, his part of the land called *Mill Frog*, and his part of the furnace and works at *Curtis's* creek, and his part of the lands taken up and purchased for the use of the same, should be sold, and the money arising from the sale thereof, should be applied to pay the legacies mentioned and bequeathed in and by his said will; and he appointed the defendants his executors, &c. That the testator died in the year 1772, and that the executors took possession of the personal estate to the amount of, &c. and took possession of and sold the real estate so devised to be sold, &c. That in the month of May 1788, the said *Elizabeth*, intermarried with *John Scott*, one of the complainants; and that the executors refused to pay the said legacy of £500 sterling money, with interest thereon, from the time of the death of the testator. Prayer for relief, &c.

The *answers* and *demurrers* of the defendants admit the will of *Caleb Dorsey*, and the bequest of the legacy, &c. but state that the personal estate of the testator was not sufficient to pay the debts and legacies together with others, being the trustees, to make sale thereof.

Executors are not to be allowed for articles furnished to the family of the deceased for their support. It is the province of the orphans court to determine on an allowance of extra commission to executors for extraordinary trouble.

Executors are to be entitled to an allowance for the widow's thirds, whether paid or not—Also for specific legacies; and the appraisement is to be taken as evidence of the value.

To a bill filed by a legatee against executors for payment of a legacy, bequeathed to be paid out of the personal estate, if sufficient, if not, then out of the proceeds of certain lands to be sold, there was a *demurrer* stating that the personal estate being insufficient lands were directed by act of assembly to be sold and other persons, with the executors, were named as trustees to make the sale, &c. and who are not made parties. Demurrer *overruled*, and defendants directed to answer. They answer, that the personal estate, and that part of the real estate sold, were insufficient to pay the debts and legacies; and an account directed to be stated at the instance of complainants. Auditor's account excepted to on various grounds; and held, that an account settled with the orphans court by executors, is not conclusive, if there has been any allowance made which is not authorised by law; but evidence will not be required to establish articles allowed, if they were of a nature proper to be allowed. Executors are not allowed interest on debts paid by them after the testator has been dead more than twelve months. As to the times whence interest on a legacy, and the balance in the hands of executors shall commence. Where executors were made liable for the proceeds arising from the sale of the real estate, they, to-

cies, and that in consequence thereof an act of assembly was passed at November session, in the year 1773, for the sale of the lands of the testator for the payment of said legacies, and sundry persons were by said act authorised to make such sale, which persons are answerable to the complainants, and not the defendants, as executors, they having no assets in their hands for the purpose; wherefore, for want of sufficient parties to the said bill of the complainants, the defendants demurred, &c.

HANSON, Chancellor, at December term 1792, overruled the demurrers, and directed that the defendants should answer over.

The defendants at February term 1793, answer, that the testator bequeathed pecuniary legacies, including that to the female complainant, to the amount of £10,000 sterling money; that the personal estate amounted to 8383l 12s 0d Maryland currency, exclusive of debts, and that the negroes, and other specific legacies, amounting to 3244l 5s 6d, Maryland currency, were a part of such personal estate, which negroes and legacies were delivered and paid by the executors to the several legatees to whom they were bequeathed. That Priscilla Dorsey, the widow of the testator, refused to abide by the will. That they have received in payment for part of the personal estate sold by them, about the sum of 2532l 19s 11d, in the late paper continental money, and also for debts due to the testator the sum of 230l 7s 7d, and have disposed of the said monies by placing them on interest on loan to the United States and to this state. They state the act of assembly passed at November session, 1773, ch. 11, authorising the defendants, and others, the then executors of the said Caleb Dorsey, and other persons therein mentioned, to make sale of certain lands of the testator for the payment of legacies, reserving one sixth part thereof to E. Dorsey, one of the defendants; that the lands were sold by the defendants, and others, before the female complainant's intermarriage with Scott the other complainant, to the

amount of 2462*l* 13*s* 3*d*. That a part of the land di-
rected by the testator in his said will to be sold,
had been sold by him in his life-time, and that after
his death, the executors received for such part the
sum of 305*l* 15*s* 0*d* in continental money. That a
second sale of other lands was made in June 1780,
by the surviving trustees in the act of assembly men-
tioned, whereof the defendants were a part, to the
amount of £7160, the sixth part thereof belonged to
*E. Dorsey*, one of the defendants, in his own right,
and another sixth part belonged to *S. Dorsey*. That
there was a bill filed in the court of chancery against
the testator in his life-time, and now depending
against his executors, by *Ely Dorsey*, claiming a
large sum of money. That the amount of the per-
sonal estate and lands sold is not sufficient, indepen-
dent of the claim of the said *Ely Dorsey*, to pay
the several pecuniary legacies, had the whole of the
proceeds of the sale of such lands and personal estate
been in specie,

Nov. 1801

Scott
vs
Dorsey

HANSON, Chancellor, on the petition of the com-
plainants, directed the auditor to state an account of
the personal estate, and of the money arising from
the sales of the real estate, which had come to the
hands of the executors, and of the disposition thereof
by them, and of the assets remaining in their hands.

*Account direct-
ed to be stated,
&c on the petition
of the complain-
ants*

The *Auditor*, on the 22d of April 1795, reported
that he had stated an account, &c. whereby there ap-
peared to be in the hands of the executors the sum of
19,213*l* 18*s* 9*d* for the disposition of which by them,
they had no document to shew, and that out of that
sum they were entitled to a credit for the widow's one
third part, and also for the specific legacies; but that
there was no evidence of the same having been paid
or delivered by them.

The defendants made various exceptions to the au-
ditor's report.

1. That they are not chargeable, *as executors*, with
the balance of the real estate sold, amounting to

Nov. 1801

Scott
vs
Dorsey

9888*l* 5*s* 1*d* because the said real estate was sold in virtue of an act of assembly, by which it will appear that *sundry other persons*, besides the defendants, are accountable for such sales, and that it would be unjust to make the defendants solely chargeable with the amount of said real estate, when they have not received the same, and no evidence was laid before the auditor to make them chargeable therewith.

2. That the balance of 9325*l* 13*s* 8*d* stated to be in their hands, of the *personal estate*, hath been paid away, and the auditor refused to allow the defendants' proof of that fact, it being an account stated with the orphans court,

3. The auditor has not reported the amount due on the claim of *Ely Dorsey*, depending against the defendants as executors in the court of chancery.

4. The auditor refused to give further time to the defendants to produce vouchers, &c.

HANSON, Chancellor, on the 16th of December 1795, acted upon the exceptions, and disposed of them as follow, viz.

Executors accountable for money received from the sale of the real estate, where they, with others, were the trustees for making the sale

1. If it appears that the executors received the money arising from the sale of the real estate, they are certainly accountable for it in this suit. The chancellor conceives it to have been the intent of the act of assembly, that the executors should dispose of the money, when raised, in discharge of legacies, which is a business properly belonging to executors; the act however is not explicit, and it is possible that all the trustees might have taken upon themselves the disposal of the money, as well as the conduct of the sale. Whether they did or not, is a question concerning which no satisfaction is received from the answer of the defendants, which indeed might have been excepted to on that account. As matters are circumstanced, the chancellor is of opinion, that if the complainants can show any instance in which the executors disposed of any part of the money arising from the sale without the concurrence of the other trustees, there arises a presumption, to be defeated only by positive

proof, that the executors received the whole of the said money, and are therefore to account for it. The chancellor can say nothing further on this exception, as the facts are not ascertained, than that the account should be referred back to the auditor, who shall receive evidence, and determine thereon according to the opinion here given.

2. This exception also relies upon an alleged fact, concerning which the chancellor has no proof except an exhibit, which is an account stated with the orphans court. He can only say, that if the fact be as stated, the money paid away by the defendants ought to be allowed. The auditor must examine the proofs. He is not however concluded by the allowance of the orphans court, but must determine, from the vouchers produced, whether or not the articles stated in that account are just.

*Nov. 1801*

*Scott*
*vs.*
*Dorsey.*

The auditor in stating an account against executors, &c is not concluded by any allowance made to them by the orphans court, but must determine from the vouchers whether or not such allowance was just

3. The suit mentioned in this exception is submitted to the chancellor, and on examination thereof, which will soon take place, he will be able to decide better on the merits of this exception, and will instruct the auditor accordingly.

The auditor was directed to state another account, &c. And on the 10th of February 1796, he again reported, that there was a balance of 12,692l 11s 8d current money, due on the account against the executors, out of which they were entitled to a credit for the specific legacies paid by them, and for which receipts were exhibited, but he had no evidence before him to ascertain the amount of specific legacies bequeathed or paid. That he had rejected a number of accounts paid by the executors, as being improper, and unsupported by evidence, amounting to 783l 10s 3d.

The defendants made *nineteen* exceptions to this report, stating that various accounts had been rejected by the auditor, which ought to have been allowed, viz. accounts for money paid for necessaries supplied to the family of the deceased for their support, within twelve months after his decease, and for money paid

to a person to collect the debts; that other accounts had not been allowed at the times they were paid, and that more interest was charged than was proper. That no allowance for funeral expenses, and for finishing the crop, and for supporting the family, &c. had been made; nor any for the sum decreed in the suit brought by *Ely Dorsey,* nor any commission to the defendants for selling the lands; and that he had charged in specie, money received by them in continental currency. They also stated sundry other objections to the report.

HANSON, Chancellor, (2d of May 1797.) The chancellor having on submission considered the defendants exceptions to the auditor's report, is of opinion as follows:

*Executors are not to be allowed for articles furnished to the family of the deceased for their support, &c*

1. There is no foundation in law for this exception, it is therefore disallowed. [The claim set up in this exception was for an account against the estate of the testator for articles furnished to the family for their support within 12 months after his decease.]

*An account settled with the orphans court by executors is not conclusive, &c*

2, 3, 4, 5, 6. When the chancellor in his order for stating the account, said that the auditor should not be concluded by the allowance of the orphans court, his meaning was, that if the allowance were not authorised by law, that is to say, if the articles for which the allowance was claimed and made by the court, were in their nature improper to be charged by an executor, the auditor should not therewith credit the defendants; the chancellor did not mean that the auditor should require evidence to establish articles allowed by the orphans court, provided the said articles were of a nature proper to be allowed. As all the articles mentioned in these exceptions have been allowed by the said court, and were proper to be allowed, the exceptions are admitted.

*It is the province of the orphans court to allow executors an extra commission, &c*

7. It is the province of the orphans court to determine, whether or not an allowance of an extra commission shall be made to an executor for extraordinary trouble. As it does not appear that the said court

have thought proper to allow a commission extraordinary, there is no just ground for this exception, and it is therefore disallowed.

8. The chancellor will so decree in this cause respecting interest, that it will be immaterial at what period the accounts were paid; the defendants will be charged interest only from the time of filing the bill on the balance in their hands.

9. No vouchers appear to have been exhibited relative to finishing the crop. On what legal foundation an allowance for maintaining the family is craved, the chancellor cannot perceive. As to funeral expenses, the law has limited a sum exceeding which the orphans court, or the former commissary, could not go. There is no voucher concerning these expenses, and if there were, they ought to have been laid before the proper tribunal, whose allowance, not exceeding the limited sum, would be adopted here. The exception is disallowed.

10. Unquestionably the defendants ought to be credited with the amount of any fair judgment or decree against them. The exception is allowed. The complainants may either wait the result of the appeal, or hereafter have a just ground for another suit, in case the decree be reversed or changed in favour of the appellants.

11. The auditor had no authority to allow a commission on the sale of the lands, and it is certain the defendants have been allowed a full commission on the money arising from the sale. The exception is disallowed.

12. It is consonant to justice, that the defendants be charged as they received. It appears that they received 305l 15s 0d paper money, in March 1779, and the scale of depreciation ought to ascertain the value of it in current money.

13. &c. The defendants are entitled to an allowance for the widow's thirds, whether they have paid them or not, &c. The defendants are entitled to a credit for the full amount of the specific legacies as

Nov. 1801.

Scott
vs
Dorsey

As to the time from which interest is to be charged, &c. see *post*

Allowances to executors for finishing the crop, and for funeral expenses, are limited by law, and are to be made by the orphans court There is no legal foundation for an allowance for maintaining the family of the deceased

Executors are to be credited with the amount of judgments against them

Where the auditor had no authority to allow a commission, &c

Executors are to be charged with paper money received by them according to its value, &c

Executors are to be allowed for the widow's thirds, whether paid or not—also for specific legacies, and the appraisement is to be taken as conclusive, &c

Nov. 1801

Scott
vs.
Dorsey

the said amount shall appear to the auditor, and the appraisement of the articles bequeathed ought to be taken as conclusive evidence, because the defendants are answerable, either for those articles, or their full value, whatever that may be. The charge for the maintenance and education of *Edward Dorsey*, son of the deceased, is proper, if the defendants can support it by proof.

The auditor was directed to restate the account, &c. and on the 6th of June 1797, the auditor again reported, by which it appears that there was due to the complainants the sum of 51*l* 15*s* 4*d*, exclusive of interest.

Auditor's report confirmed, unless, &c

HANSON, Chancellor, on motion, Ordered that the auditor's report be approved and confirmed, unless exceptions thereto be filed on the part of the complainants on or before the 4th day of the next term, provided a copy of this order be served on the complainants, or their solicitors, before the 10th instant.

Final ratification of the auditor's report

HANSON, Chancellor, (15th January 1799.) The auditor having returned his report with a statement agreeably to the decision of the chancellor, on the exceptions taken to the former report, and no exceptions being filed against the last account and report—*Decreed*, that the report of the auditor be absolutely approved, ratified and confirmed.

As to the time from which interest is to be charged, &c. see *post*

In the chancellor's decision on the exceptions, he intimated his intent of charging interest from the time of filing the bill, and under all circumstances he conceives it proper so to do. The principal sum stated by the auditor to be due to the complainants, is 51*l* 15*s* 4*d*, and the interest thereon to this day, from the 10th of December 1789, the time of filing the bill, is 28*l* 5*s* 2*d*, and both together amount to the sum of 80*l* 0*s* 6*d*. *Decreed*, that the defendants do pay to the complainants the said sum of 80*l* 0*s* 6*d* current money, and costs. From which decree the complainants appealed to this court.

*Martin*, (Attorney General,) *Key*, *Shaaff* and *Scott*, for the Appellants.

*Ridgely* and *S. Johnston*, for the Appellees.

Nov. 1801

Scott
vs
Dorsey

THE COURT OF APPEALS, [*Rumsey* Ch. J. *Potts* and *Dennis*, J.(a)] at an adjournment of this term, viz. the 13th of June 1802, passed the following decree, to wit: After hearing counsel upon this appeal, it is adjudged, ordered and decreed, that the decree of the chancellor be reversed, and that the appellants be allowed their costs of appeal.

Chancellor's decree reversed, &c

It is further adjudged, ordered and decreed, that the appellees account with the appellants for the legacy bequeathed to the appellant's wife *Elizabeth*, with interest thereon from the 1st day of June 1788, and that the appellees, the executors of *Caleb Dorsey*, be charged in said account with the amount of all sales of the testator's lands, by them made, and interest thereon, agreeably to the terms of sale, and that the executors, so far as they were possessed of assets, be not allowed interest on debts by them paid after the testator had been more than twelve months dead.

Executors to be charged with the legacy; and the time stated from which interest thereon shall commence—also to be charged with the amount of all sales of the testator's lands by them made—Not to be allowed interest on debts paid by them after the testator had been dead more than twelve months

And it is further adjudged, ordered and decreed, that the chancellor pass such decree and order as shall be necessary to have the account stated on the principles and in the manner herein directed, and on return thereof, if the assets in hand are adequate to the payment of the legacies charged thereon, that then the chancellor pass a decree for the payment of the full legacy and interest due the appellants; and if the assets are inadequate, then to decree the amount of the legacy and interest to be paid so far as assets are stated to be in hand, and to bind future assets as they come to hand, with costs of suit to be allowed the complainants.

The chancellor to decree, &c

(a) *Mackall* and *Jones*, J. did not attend.